**Santana BAIRES–BONILLA,**
**Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney**
**General, Respondent.**

**No. 04–73379.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.**

Filed Oct. 22, 2007.

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Gregory L. Sukys, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: TROTT and GRABER, Circuit Judges, and SHADUR,*** Senior District Judge.

### MEMORANDUM ****

Santana Baires–Bonilla petitions for review from the Board of Immigration Appeal's ("BIA") denial of her claims for asylum and humanitarian asylum.[1] We grant the petition in part and remand Petitioner's humanitarian asylum claim for the BIA to consider the claim under the correct legal standard.

■ 1. We deny the petition with respect to Petitioner's claim for asylum under 8 C.F.R. § 1208.13(b)(1)(i). Substantial evidence supports the BIA's finding that Petitioner does not have a well-founded fear of future persecution because of changed country conditions in El Salvador and the fact that Petitioner relocated safely within El Salvador for 10 years. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003) ("[W]here the BIA ... provides an individualized analysis of how changed conditions will affect the specific petitioner's situation, substantial evidence will support the agency determination." (citation and internal quotation marks omitted)); *id.* at 999 ("[T]he fact that [Petitioner] relocated to Guatemala City for several months without receiving any threats or letters is highly relevant. The BIA could have reasonably concluded that [Petitioner] would be safe in Guatemala City....").

■ 2. We grant the petition with respect to Petitioner's claim for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(A). In assessing a claim for humanitarian relief, the BIA must "consider the level of atrocity of past persecution," *Lopez–Galarza v. INS,* 99 F.3d 954, 963 (9th Cir.1996), and "determine whether the petitioner's persecution was roughly comparable to [the petitioner's persecution] in *Matter of Chen,* [20 I. & N. Dec. 16 (B.I.A.1989),]" the progenitor of the humanitarian exception, *Lal v. INS,* 255 F.3d 998, 1008 (9th Cir.2001). In assessing Petitioner's claim, the BIA examined the passage of time, changed country conditions, and the fact that Petitioner relocated safely within El Salvador for 10 years—factors relevant to Petitioner's fear of future persecution, but insufficient to analyze the severity of her past persecution. Because the BIA did not apply the correct legal framework to Petitioner's claim for humanitarian relief and, consequently, has not examined the severity of her past persecution, we remand for the BIA to examine the claim under the correct legal standard in the first instance. *Gonzales v. Thomas,* 547 U.S. 183, 186–87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

3. Petitioner requests "that any removal order not be implemented until at least September 9, 2006," but this claim now is moot.

*** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA also denied Petitioner's claim for relief under the Convention Against Torture, but Petitioner does not mention this claim in her opening brief, and "arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). We therefore do not consider this claim.

Petition DENIED in part, GRANTED in part, and REMANDED. Costs on appeal are awarded to Petitioner.